**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TEYMUR KALANTAROV,

Petitioner,

v.

Case No. 2:26-cv-03067-MIS-JFR

WARDEN of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Teymur Kalantarov's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 15, 2026. The federal Respondents filed a Response on September 30, 2026 ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Russia who lawfully entered the United States on a B-2 visitor visa on August 1, 2021. Pet. ¶ 33; Form I-94, ECF No. 1-2 at 2. His authorized period of admission expired on January 31, 2022, Form I-94, ECF No. 1-2 at 2, but Petitioner remained in the U.S., see Notice to Appear, ECF No. 6-1. Petitioner lives in Florida with his wife, a U.S. resident. Id. ¶ 34. He has a pending application for asylum, has complied with all immigration-related requirements, and has no criminal record. Id. ¶¶ 37, 39.

Nevertheless, on July 22, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner on his way to work. Id. ¶ 38; Form I-213 at 2, ECF No. 6-2. The next day he was served with a Warrant for Arrest of Alien, ECF No. 6-3 at 1, placed in removal proceedings, and issued a Notice to Appear, ECF No. 6-1.

On August 28, 2026, Petitioner received a custody redetermination hearing. Pet. ¶ 8. The Immigration Judge denied Petitioner's request for release on bond stating only: "Flight Risk – Speculative form of relief. Visa overstay." Order of the Immigration Judge, ECF No. 6-4. Petitioner has been detained since July 22, 2026, and is currently in immigration detention at the Otero County Processing Center in Chapparal, New Mexico. Pet. ¶ 17.

On September 15, 2026, Petitioner filed the instant Petition asking the court to declare "the August 28, 2026 bond proceeding constitutionally deficient," and to order his immediate release. Id. ¶ 8.

On September 16, 2026, the Court issued an Amended Order to Show Cause and Enjoining Transfer instructing Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings and whether

In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006) requires relief." ECF No. 4. On September 30, 2026, Respondents filed their Response. ECF No. 6.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his arrest violates the Accardi doctrine and the warrantless-arrest requirements of 8 C.F.R. § 287.8(c)(2) and 8 U.S.C. § 1357(a)(2) (Count I), id. ¶¶ 89-94; his continued detention violates the Fifth Amendment's Due Process clause, id. ¶¶ 95-100 (Count II), and the Administrative Procedures Act, id. ¶¶ 101-06 (Count III); and his custody redetermination hearing violated the Administrative Procedures Act and the Constitution, id. ¶¶ 107-13 (Count IV). The Prayer for Relief requests an order "[d]eclaring that Petitioner's August 28, 2026 bond proceeding violated the Due Process Clause of the Fifth Amendment because it did not disclose the burden applied, resolve material factual disputes, meaningfully address the evidence under

Matter of Guerra, or explain why release conditions would not reasonably assure Petitioner's appearance[.]" Id. at 28.

Respondents argue that 8 U.S.C. § 1226(e) deprives the Court of subject matter jurisdiction to review the Immigration Judge's discretionary bond determination, and "[t]he record does not demonstrate a lack of procedural or substantive due process as Petitioner received an individualized bond hearing on August 28, 2026." Resp. at 2-3. They further argue that Petitioner failed to exhaust administrative remedies. Id. at 4-5.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court therefore rejects Respondents' argument that § 1226(e) deprives the Court of jurisdiction to review Petitioner's assertion that his bond hearing was not constitutionally adequate.

To that point, the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate." In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

The Court finds the Immigration Judge's explanation for denying Petitioner bond deficient for the reasons set forth in Duong v. Mullin, __ F. Supp. 3d __, No. 2:26-CV-03009-MIS-JFR, 2026 WL 3030939, at *2-3 (D.N.M. Oct. 9, 2026), which the Court hereby adopts. Briefly, a bond decision that rests upon conclusory determinations based on blanket categories—e.g., a speculative form of relief—and not upon individualized facts specific to a petitioner, does not provide an individualized determination based on the actual circumstances of the noncitizen, and is thus not constitutionally adequate. Id. (citing Poot v. Mullin, No. 5:26-CV-3321-CTS, 2026 WL 2659590, at *8 (C.D. Cal. Sep. 9, 2026); Herrera Ramirez v. Blanche, No. 5:26-CV-03938-DTB, 2026 WL 2395217, at *10 (C.D. Cal. Aug. 17, 2026); Abdelmasseh v. Scott, No. C26-1681-KKE, 2026 WL 1815279, at *4 (W.D. Wash. June 24, 2026); Ji v. Warden, Case No. 1:26-cv-03442 DJC SCR, 2026 WL 1733618, at *7 (E.D. Cal. June 16, 2026); Reyes Vargas v. Warden, Plymouth Cnty. Corr. Facility, No. 26-CV-11740-AK, 2026 WL 1453510, at *7 (D. Mass. May 22, 2026); Perez Serrano v. Hagan, No. 1:26-CV-01641-CNS, 2026 WL 1396534, at *3 (D. Colo. May 19, 2026); N.A. v. Warden, No. 5:25-CV-03007-MBK, 2026 WL 1045196, at *9 (C.D. Cal. Apr. 15, 2026); Chavarria Mejia v. Crawford, No. 1:26-CV-253 (LMB/LRV), 2026 WL 819603, at *5 (E.D. Va. Mar. 25, 2026)); see also Sanchez Hernandez v. Venturella, Case No. 1:26-cv-03166-MIS-SCY, 2026 WL

3072366, at *3 (D.N.M. Oct. 14, 2026); Chakma v. Warden, Case No. 1:26-cv-03163-MIS-JHR, 2026 WL 3034205, at *3 (D.N.M. Oct. 9, 2026); Dong, 2026 WL 1959357, at *1. Here, as in Duong, the Immigration Judge denied bond with a cursory explanation stating, "Flight Risk – Speculative form of relief. Visa overstay[,]" ECF No. 6-4, a determination devoid of any analysis of the facts related to Petitioner. Respondents do not point to any other evidence to establish that the Immigration Judge provided further analysis to support the decision.

Thus, while Petitioner received a bond hearing, the record before the Court does not suggest that Petitioner received a constitutionally adequate bond hearing for the purposes of § 1226(a). See Duong, 2026 WL 3030939, at *2-3; Sanchez Hernandez, 2026 WL 3072366, at *3 (D.N.M. Oct. 14, 2026); Chakma, 2026 WL 3034205, at *3, Dong, 2026 WL 1959357, at *1. As such, his continued detention violates his right to due process, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, the Court finds that immediate release is the appropriate remedy. Finally, the Court retains jurisdiction to ensure compliance with its Order.

**IV. Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1. The Verified Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Teymur Kalantarov from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE